884 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Betty DAVIS, Plaintiff-Appellant,
v.
FLEET FUNDING CORP., Ann Fore, Patsy Lee, Supervisors of
Fleet Funding Corp., Defendants-Appellees.
 No. 88-2911.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1989.
Decided Aug. 16, 1989.
 
 Thomas Delano Broadwater, Sr. for appellant.
 Joseph Andrew Rhodes, Jr. (Katherine Dudley Helms, Haynsworth, Baldwin, Miles, Johnson, Greaves and Edwards on brief) for appellees.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and K.K. HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Betty Davis appeals the grant of summary judgment in favor of Fleet Funding Corporation, Anne Fore, and Patsy Lee on her claims of racial discrimination in employment. We affirm.
 
 
 2
 Davis, a black female, was employed by Fleet from October 1980 through November 1985. While she was hired originally as a clerk/typist, she was promoted to supervisor in 1982 after receiving a favorable evaluation. In 1984 Fleet underwent an internal restructuring which placed increased responsibilities for employee supervision on Davis and others. Davis reported to manager Fore who in turn reported to Lee, a vice president.
 
 
 3
 A subsequent evaluation indicated that while Davis met company expectations in most work areas, she needed development in communications and human relations. Fore recommended a plan to help Davis improve in these areas and she was transferred to a less demanding, but comparable, position. When Davis failed to improve after a six-month period, Fore recommended that she be demoted to a technical position with a wage decrease. Davis was terminated when she refused to accept the demotion. She subsequently filed this action alleging racial discrimination.
 
 
 4
 A plaintiff, such as Davis, who alleges disparate treatment must prove she was intentionally treated less favorably than others on the basis of her race. Holder v. City of Raleigh, 867 F.2d 823, 826 (4th Cir.1989). "A plaintiff can establish a prima facie case of disparate treatment by direct or indirect evidence of discrimination, or under the McDonnell Douglas framework." Lucas v. Dole, 835 F.2d 532, 533 (4th Cir.1987) (citing McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973)).
 
 
 5
 In responding to Defendants' motion for summary judgment, Davis relied on indirect evidence consisting solely of her unfounded assumptions and subjective perceptions. While she admitted that neither Fore, Lee, nor any other co-worker had ever expressed any anti-racial sentiment, Davis assumed that they were racially biased because her co-workers occasionally challenged her authority and "giggled" at her instructions. In response to evidence that workers under her supervision had complained about her conduct, Davis merely responded that the problems stemmed solely from the fact that "they did not want a black person telling them what to do. ... I know here [in my heart] that they--there are certain whites [who] do not want blacks to be in authoritative position[s]." Further, under the McDonnell Douglas framework, Davis failed to establish that she was able to satisfactorily perform in the position from which she was terminated.
 
 
 6
 Davis bore the ultimate burden of persuasion to prove that Defendants intentionally discriminated against her on the basis of her race. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Lucas, 835 F.2d at 533. Davis's assumptions and "heart-felt" perceptions were not sufficient to establish the existence of that essential element. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Therefore, the entry of summary judgment not only was proper, but mandated under Federal Rule of Civil Procedure 56(c). Id. at 322.
 
 
 7
 Defendants assert that Davis's appeal is frivolous and interposed for delay and move for an award of costs and attorneys' fees pursuant to Federal Rule of Appellate Procedure 38. While this appeal lacks merit, we decline to award Rule 38 sanctions.
 
 
 8
 AFFIRMED.